FILED BY _____ D.C.

03 DEC -3 PM 4:08

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cv. No. 03-2594-D/V |
|  | X | Cr. No. 00-20102-D |
| DAVID ARLON SIMPSON a/k/a ARLON DAVID SIMPSON, | X | |
| Defendant. | X | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant David Arlon Simpson, a/k/a Arlon David Simpson, Bureau of Prisons inmate registration number 17463-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, has filed a pro se motion pursuant to 28 U.S.C. § 2255.

On June 15, 2000, a federal grand jury returned a six-count indictment against Simpson. The first two counts charged Simpson with knowingly transporting and shipping in interstate commerce, by means of a computer, visual depictions involving the use of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). The third count charged Simpson with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The fourth count charged the defendant with traveling in interstate commerce for the purpose of engaging in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-3-03

sexual intercourse with an eight-year-old girl, in violation of 18 U.S.C. § 2423(b). The fifth count alleged that Simpson used a combined computer/telephone system, using interstate "instant messages" and "electronic mail" messages, and a series of interstate long-distance telephone conversations, to knowingly attempt to persuade, induce, entice, and coerce an eight-year old girl to engage in sexual intercourse, in violation of 18 U.S.C. §§ 2422(b) and 2. The sixth count sought the forfeiture of certain items pursuant to 18 U.S.C. § 2253.

Simpson entered a guilty plea before the Honorable Jon Phipps McCalla on December 6, 2000. Judge McCalla issued an order accepting Simpson's change of plea on December 7, 2000. Judge McCalla conducted a sentencing hearing on March 28, 2001, at which time Simpson was sentenced to a total of one hundred thirty-five (135) months imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on March 30, 2001. Simpson did not file a timely notice of appeal.

On July 29, 2002, Simpson filed a motion seeking leave to file an out-of-time appeal. In that motion, Simpson alleged that he asked his attorney to file a notice of appeal and his attorney failed to do so. This Court issued an order on April 14, 2003 denying that motion.

In this § 2255 motion, Simpson contends, once again, that he received ineffective assistance of counsel, in violation of the

2

Sixth Amendment, due to the failure of his trial counsel to file a notice of appeal.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) ("AEDPA"), created a statute of limitations for filing motions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). As a threshold matter, the Court should consider the effect of the statute of limitations to defendant's claims. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). When a defendant does not take a direct appeal, then, the limitations period for the filing of a § 2255 motion commences to run when "the time for filing his direct appeal had elapsed." Chandler v. United States, 22 Fed. Appx. 399, 400 (6th Cir. Sept. 25, 2001); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view").

In this case, judgment was entered on March 30, 2001. Simpson's conviction became final no later than April 9, 2001, the last day on which he could have filed a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). The motion is, therefore, time barred.[1]

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert. denied, 534

---

[1] Because the sole issue raised by Simpson could have been asserted on direct appeal or in a timely § 2255 motion, there is no basis for concluding that the limitations period commenced at any time other than the date on which the conviction became final.

4

U.S. 1057 (2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.[2]

Equitable tolling is inappropriate in this case. Simpson has not established that he was ignorant of the statute of limitations applicable to § 2255 motions. Moreover, Simpson waited almost sixteen months after the entry of judgment to file his initial motion seeking leave to take an out-of-time appeal. Even if that motion had been filed pursuant to 28 U.S.C. § 2255, it would have been dismissed as untimely. Under these circumstances, equitable tolling is inappropriate Simpson cannot establish due diligence. The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

---

[2] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period.").

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir.

6

1986). Defendant's conviction and sentence are valid and therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability [COA]:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not

> demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").³

In this case, the defendant's claim is clearly time barred and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

---

³ By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

8

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons

---

[4]  Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 28 day of November, 2003.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:03-CV-02594 was distributed by fax, mail, or direct printing on December 3, 2003 to the parties listed.

David Arlan Simpson
17463-076
P.O. Box 9000
Forest City, AR 72336

Diane Vescovo
U.S. District Judge
167 N. Main St., Rm 341
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT